DAVIDOFF MALITO & HUTCHER LLP
605 Third Avenue
New York, New York 10158
(212) 557-7200
Ralph E. Preite (RP:6700)

Counsel for Merchants T & F Inc. secured creditor

UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA
----------------------------------x
In re                               Chapter 7

                                    Case No. 2:08-bk-15620-RJH
WHISPERING WINDS PROPERTIES, LLC    Case No. 2:08-bk-15625-RJH
DAN WISE                            (Jointly Administered)

        Debtors.

----------------------------------x

National City Mortgage

            Movant,

    against
                                    Re: **REAL PREMISES AT**
Dan Wise, Debtor;                   **15 WEST 53RD STREET**
Maureen Gaughan, Trustee.           **UNIT 18F**
                                    **NEW YORK, NY 10019**

            Respondents

----------------------------------x

**RESPONSE BY MERCHANTS T & F INC. (i) IN SUPPORT OF
MOTION BY NATIONAL CITY MORTGAGE FOR RELIEF FROM THE
STAY AND REQUESTING FOR SAME RELIEF FOR MERCHANTS T &
F INC., AND (ii) IN LIMITED OPPOSITION TO TRUSTEE'S
REQUEST FOR EXCLUSIVE 6-MONTH SALE PERIOD**

Merchants T & F Inc., ("**Merchants**"), by its attorneys, Davidoff Malito & Hutcher, LLP, as and for its response (i) in support of National City Mortgage's motion for stay-relief under

section 362(d) of Title 11 of the United States Code, 11 U.S.C. section 101, et seq., (the "Bankruptcy Code") regarding the real premises (condo apartment) at 15 West 53RD Street, Unit 18F, New York, New York 10019 (the "Premises"), and **Merchants** requesting the Court to modify the stay so that all mortgage holders on the Premises may proceed with their respective foreclosure sales as there is <u>zero equity for the estate</u>, particularly when considering the mandates of 363(h) and (j), and (ii) in limited opposition to the Trustee's request for a 6-month standstill period because there is no reason to retard the New York State foreclosure actions for 6-months as there will likely be no foreclosure sale in the slow-moving New York State foreclosure process within such time period, respectfully represents as follows:

**I.     Merchant T & F Inc. Joins in Lift Stay Motion By Movant National City Mortgage and Seeks Similar Relief.**

    1.     **Merchants** hereby joins in National City Mortgage's motion for relief from the stay because, as is shown below, there is no equity for the Debtor's estate in the subject Premises, and **Merchants** would like to realize its security interest in the Premises.

    2.     Consequently, **Merchants** joins in the Motion because it too seeks permission to continue with <u>its</u> pre-petition foreclosure action against the Premises, which is pending in the

Supreme Court of the State of New York, County of New York, entitled <u>MERCHANTS T & F INC., Plaintiff, v. DANNY WISE, et al</u>. bearing Index No. 112432/08.

3. The Trustee desires to market the premises for 6 months. But implicit in that request is her request for a standstill on foreclosure actions. There is no need to require a standstill of the New York State foreclosure process because no foreclosure sale will occur before 6 months pass as the New York State foreclosure process is slow. **Merchants**' foreclosure action is not that far along, and Movant National City Mortgage has not even commenced its foreclosure action. So since there is no foreclosure sale in prospect, both tracks (the Trustee's request to market for 6 months, <u>and</u> the secured creditors' request to proceed with foreclosure actions at this stage) can be accommodated by this Court. Therefore, the Trustee may duly market the Premises, <u>and</u> we lien holders can proceed with our respective foreclosure actions.

4. But more importantly, there is no equity in the subject Premises. Annexed hereto as Exhibit A is a copy of two reports from the realty valuation website, **www.ZILLOW.COM**. from January 2009 and July 2009. The reports show that the Premises' value is decreasing: from $1,811,500 in January to $1,738,500.00 in July.

5. There is no equity in the subject Premises because,

upon information and belief, National City Mortgage is owed approximately $1,000,000.00 on its first mortgage, and approximately $600,000.00 on its second mortgage. When one adds to that $1.6 million balance the more than $222,871.21 approximate balance owed to **Merchants**, there is no equity available to the estate, particularly when considering the costs of liquidation that the estate would have to bear, such as brokers' commissions, and counsel fees, and when considering that the Debtor's estate is entitled to only <u>one-half</u> of the equity, as non-debtor Cynthia Wise is entitled to half under section 363(j), as is more particularly addressed below.

6. The Trustee is incorrect in alleging that Merchant's mortgage is avoidable. While it may be avoidable as to Mr. Wise, the Debtor (only after a proper action, which the Trustee has yet to commence), it is <u>unassailable</u> as to non-debtor Ms. Cynthia Wise, the Debtor's spouse. Ms. Wise is not in bankruptcy, and **Merchants**' lien as against her interest in the Premises and its proceeds cannot be attacked.

7. Furthermore, implicit in the Trustee's request to market the Premises for 6-months is the Trustee's disregard of non-debtor Cynthia Wise's property interest in the subject Premises, and the rights conferred upon her by section 363(h) and (j) of the Bankruptcy Code. Non-debtor Cynthia Wise is a co-owner of the Premises as is reflected in the deed to the

00392640  4

premises. (In fact, in New York, non-debtor Cynthia Wise, as spouse, has an undivided one-half interest in the premises.)

8. As a co-owner, non-debtor Cynthia Wise is entitled to one-half of the net proceeds of sale of the Premises. That entitlement is of interest to **Merchants** because, as is shown below, **Merchants** has a claim against non-debtor Cynthia Wise for the full amount of the debt owed under the obligation by virtue of her personal guarantee, which was secured by a mortgage on the Premises.

9. In other words, while the Trustee may sell both the Debtor's and the non-debtor's interest in the Premises under section 363(h) of the Bankruptcy Code if certain elements are satisfied, upon such sale, section 363(j) <u>mandates</u> that the non-debtor co-owner receive one-half of the net proceeds.

10. Section 363(j) of the Bankruptcy Code provides as follows:

> After a sale of property to which subsection (g) or (h) of this section applies, the trustee shall distribute to the debtor's spouse or the co-owners of such property, as the case may be, and to the estate, the proceeds of such sale, less the costs and expenses, not including any compensation of the trustee, of such sale, according to the interests of such spouse or co-owners, and of the estate.

11 U.S.C. § 363(j).

11. The foregoing statutory provision requires that the Trustee distribute to the Debtor's spouse (i.e., Ms. Cynthia

Wise) the proceeds of such sale. So, even if the Trustee sells the Premises under section 363(b) of Bankruptcy Code, <u>one</u>-<u>half</u> of the net proceeds (<u>excluding</u> Trustee commissions) must be paid to non-debtor Cynthia Wise.

12. Since that interest which non-debtor Cynthia Wise possesses is encumbered by a mortgage lien held by **Merchants**, then it must be paid over to **Merchants**. In any event, it must not be ignored by the Trustee when she alleges that there is equity in the Premises. If there is any equity after the mortgage loans of National City Mortgage are paid in full, only one-half of such equity is property of the Debtor's estate. The other half must be paid to **Merchants** as a secured creditor of non-debtor Cynthia Wise.

13. The nature of **Merchants'** claim and interest against both debtors and non-debtor Cynthia Wise is described below.

**II. Merchant T & F Inc.'s Loan to Whispering Winds Properties, LLC Guaranteed by Mr. & Ms. Wise.**

14. On or about July 2, 2008, **Merchants** loaned to debtor Whispering Winds Properties, LLC ("WWP"), an Arizona limited liability company, the sum of $200,000.00 To evidence this indebtedness, WWP executed and delivered to **Merchants** a promissory note (the "Note") dated July 2, 2008. A copy of the Note is annexed hereto as Exhibit "B".

15. On or about July 2, 2008, in consideration of

**Merchants** making the loan to WWP in the sum of $200,000.00, Debtor Danny Wise, who is a principal of WWP, and Cynthia Wise (Debtor Danny Wise and Cynthia Wise shall be collectively referred to hereinafter as "Mr. & Mrs. Wise") executed and delivered to **Merchants** a Guaranty dated July 2, 2008 (the "Guaranty"), by which Mr. & Mrs. Wise unconditionally and irrevocably guaranteed the payment when due, whether by acceleration or otherwise, of any and all of the obligations and liabilities due or to become due to **Merchants** from WWP. A copy of the Guaranty is annexed hereto as Exhibit "C".

16. As collateral security for the payment of the indebtedness evidenced by the Note, Mr. & Mrs. Wise executed and delivered to **Merchants** a Mortgage dated July 2, 2008 covering the premises known as 15 West 53rd Street, Unit 18F, New York, New York and described in Schedule A thereof (the "Premises"). A copy of the Mortgage is annexed hereto as Exhibit "D".

17. The Mortgage was duly recorded on August 26, 2008, in the Office of the City Register, New York County, in CRFN 2008000340660, and all mortgage taxes due thereon were fully paid.

18. The Mortgage constitutes a security agreement and, as such, granted and conveyed to **Merchants** a security interest, in the Premises, and furthermore mortgaged to **Merchants** the right, title and interest of Mr. & Mrs. Wise under the Mortgage, in and

to the Premises and all improvements fixtures, and appurtenances to the Premises.

19. As of September 2, 2008 the Maturity Date of the Note, the amount due and owing to **Merchants** (in excess of $222,871.21) has not been paid, and WWP failed to comply with the terms, conditions and obligations contained in the Note, and Mr. & Mrs. Wise failed to comply with the terms, conditions and obligations contained in the Guaranty and Mortgage.

20. As is set forth above, prepetition, **Merchants** commenced a foreclosure action against the Premises in the Supreme Court of the State of New York, County of New York, entitled <u>MERCHANTS T & F INC., Plaintiff, v. DANNY WISE, et al</u>. bearing Index No. 112432/08.

### III. The Premises and Merchants T & F Inc.'s Liens Thereon

21. To secure payment of the Note, **Merchants** holds a valid and perfected lien in and to the Premises by virtue of the Mortgage recorded on August 26, 2008, in the Office of the City Register, New York County, in CRFN 2008000340660.

22. **Merchants** alleges that each day that the Debtor and/or the Trustee remain in possession of the Premises, the Premises's value deteriorates. Additionally, no interest or adequate protection payments have been made to **Merchants**, and **Merchants** has no assurance that the estate is protecting and preserving the Premises or making monthly maintenance and mortgage payments

thereon.

23. If the Court grants **Merchants**' relief from the stay, upon completion of the **Merchants**' foreclosure sale of the subject Premises, **Merchants** will provide a report of sale to this Court, and will further advise of any surplus funds available after conclusion of the foreclosure sale.

**IV. <u>Conclusion</u>.**

24. In light of the foregoing, cause exists for the modification of the automatic stay as to Movant's and **Merchants**' liens.

25. **Merchants** requests that the Court enter an order modifying the automatic stay imposed by section 362(a) of the Bankruptcy Code, and allowing **Merchants** to immediately continue with foreclosure of the Premises and take all further actions in that regard, including without limitation, completing the sale of the Premises.

DATED:   New York, New York
         July 11, 2009

                                  **Davidoff Malito & Hutcher LLP**

                                  By: _____
                                      Ralph E. Preite (RP:6700)
                                  605 Third Avenue
                                  New York, New York 10158
                                  (212) 557-7200

                                  *Attorneys for Merchants T & F Inc.*