**IT IS HEREBY ADJUDGED
and DECREED this is SO
ORDERED.**

The party obtaining this order is responsible for
noticing it pursuant to Local Rule 9022-1.

**Dated: September 02, 2009**



_Randolph J. Haines_
_____
**RANDOLPH J. HAINES**
**U.S. Bankruptcy Judge**

# TIFFANY & BOSCO
### P.A.

**2525 EAST CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192**

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

09-12156/0004450851

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE:<br><br>Dan Wise<br><br>       Debtor.<br>_____<br>National City Mortgage, a division of National City<br>Bank of Indiana<br>       Movant,<br>   vs.<br><br>Dan Wise, Debtor; Maureen Gaughan, Trustee.<br><br>      Respondents. | No. 2:08-bk-15625-RJH<br><br>Chapter 7<br><br>O R D E R<br><br>(Related to Docket # 55)<br><br>RE:  Real Property located at<br>15 West 53rd Street<br>New York, NY  10019 |

      This matter having come before the Court for a Preliminary Hearing on July 13, 2009 at 10:30 AM, National City Mortgage, Movant, a holder of a mortgage upon the real property known as and located at 15 West 53rd Street, New York, NY  10019, BLOCK: 1269, LOT: 1075, SECTION: 7, UNIT: 18F, appearing by and through its attorney, Tiffany & Bosco, P.A., and Merchants T & F Inc., also a holder of a mortgage on the subject property, having filed its support for the motion of National City Mortgage, and having telephonically appeared by and through its attorney, Davidoff Malito &

Hutcher LLP seeking relief from the stay as well, and the Trustee appearing through its attorney Collins, May, Potenza, Baran & Gillespie, P.C., and the Debtor, Dan Wise, appearing by and through his counsel, Andrea M. Palmer, and good cause appearing,

**IT IS HEREBY ORDERED** that all stays and injunctions, including the automatic stay imposed by U.S. Bankruptcy Code section 362(a), 11 U.S.C. §362(a), are hereby terminated as to Movant with respect to that certain real property which is the subject of a Mortgage dated February 8, 2006 and granted by the Detbor and Cynthia Wise, his spouse, to **National City Mortgage, a division of National City Bank of Indiana**, and duly recorded in the Office of the City Register of the City of New York, New York County, and known as and located at 15 West 53rd Street, New York, NY 10019, BLOCK: 1269, LOT: 1075, SECTION: 7, UNIT: 18F, as is further described as:

**THE Condominium Unit (the "Unit") known as Unit No. 18F the premises known as MUSEUM TOWER CONDOMINIUM and by the street number 15 West 53rd Street, Borough of Manhattan, City, County and State of New York, said Unit being designated and described as Unit No. 18F in a certain Declaration (the "Declaration") dated February 15, made pursuant to Article 9-B of the Real Property Law of the state of New York (the 'Condominium Act") establishing a plan for condominium ownership of the Building and the land upon which the Building is situate, which Declaration was recorded in the New York County Office of the Register of the City of New York on April 4, 1983 in Reel 677 page 466 as amended by First Amendment recorded 8/24/84 in Reel 826 page 1371 and Second Amendment dated 2/26/85 in Reel 889 page 1213. This Unit is also described and designated as Tax Lot 1075 in Block 1269 of Section 5 of the Borough of Manhattan of the Tax Map of the Real Property Assessment Department of the City of New York and on the Floor Plans of the Building, certified by the Architect, Edward Durell Stone Associates, P.C. and filed with the Real Property Assessment Department of the City of New York on April 4, 1983 as Condominium Plan No. 90 and also filed in the City Register's Office on April 4, 1983 as Condominium Plan No. 90 Map #4158 as amended by Condominium Plan No. 90A.**

**TOGETHER WITH an undivided 0.29507 interest in the Common Elements as defined in the Declaration of Condominium; the property within which the Unit is located (the "Property") are more particularly described as follows:**

**1. DEVELOPMENT PARCEL**
**ALL that certain lot, piece or parcel of land, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:**

**BEGINNING at a point on the Northerly line of 53rd Street distant 385 feet Easterly from the corner formed by the intersection of the Easterly side of the Avenue of the Americas (formerly 6th Avenue) and the Northerly side of 53rd Street;**

1) RUNNING THENCE Northerly parallel with the Easterly side of Avenue of the Americas, 91 feet 5 inches to a point;
2) THENCE Easterly parallel with the Northerly line of 53rd Street, 25 feet to a point;
3) THENCE Northerly parallel with the Easterly side of Avenue of the Americas, 24 feet 7 inches to a point;
4) THENCE Easterly parallel with the Northerly side of 53rd Street, 73 feet to a point;
5) THENCE Southerly again parallel with the Easterly side of Avenue of the Americas, 116 feet to a point;
6) THENCE Westerly parallel with the Northerly side of 53rd Street, 98 feet to the point or place of BEGINNING.

which lies above but not below a horizontal plane, the elevation of which is 147 feet 8 inches as measured vertically above the datum level known as the Topographical Bureau of the Borough of Manhattan Datum, which datum level now designates as zero an elevation which is 2.75 feet above mean sea level at Sandy Hook, as computed and established by the United States Coast and Geodetic Survey, and which sea level is officially known as the "Sea Level Datum of 1929".

## II. SUPPORTING COLUMN PREMISES:

Five (5) parcels of real property lying and being in the Borough of Manhattan, City, County and State of New York, more particularly bounded and described as follows:
ALL that certain piece or parcel of land, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:
BEGINNING at a point distant 385 feet 8 inches Easterly from the comer formed by the intersection of the Easterly side of Avenue of Americas (formerly 6th Avenue) and the Northerly side of 53rd Street;
THENCE Northerly parallel with the Easterly side of Avenue of the Americas, 0 feet 8 inches to the point or place of BEGINNING.
I) THENCE Easterly parallel with the Northerly line of53rd Street, 2 feet 6 inches to point;
2) THENCE Northerly parallel with the Easterly side of Avenue of the Americas, 3 feet 6 inches to a point;
3) THENCE Westerly parallel with the Northerly side of 53rd Street, 2 feet 6 inches to a point;
4) THENCE Southerly parallel with the Easterly side of Avenue of the Americas, 3 feet 6 inches to the point or place of BEGINNING.

which lies below a horizontal plane, the elevation of which is 147 feet 8 inches as measured vertically above the datum level known as the Topographical Bureau of the Borough of Manhattan Datum which datum level now designates as zero an elevation which is 2.75 feet above mean sea level at Sandy Hook, as computed and established by the United States Coast and Geodetic Survey, and which mean sea level is officially known as the "Sea Level Datum of 1929".

## PARCEL II:
ALL that certain piece or parcel of land, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:
BEGINNING at a point distant 385 feet 8 inches Easterly from the comer formed by the Easterly side of the Avenue of the Americas (formerly 6th Avenue) and the Northerly side of 53rd Street;

**THENCE** Northerly parallel with the Easterly side of Avenue of the Americas, 96 feet 10 inches to the point or place of BEGINNING.

I)  RUNNING THENCE Easterly parallel with the Northerly line of 53rd Street, 3 feet to a point;
2) THENCE Northerly parallel with the Easterly side of Avenue of the Americas, 3 feet to a point;
3) THENCE Westerly parallel with the Northerly side of 53rd Street, 3 feet to a point;

THENCE Southerly parallel with the Easterly side of Avenue of the Americas 3 feet to the point or place of BEGINNING.

which lies below a horizontal plane, the elevation of which is 147 feet 8 inches as measured vertically above the datum level known as the Topographical Bureau of the Borough of Manhattan Datum, which datum level now designates as zero an elevation which is 2.75 feet

above mean sea level at Sandy Hook as computed and established by the United States Coast and Geodetic Survey, and which mean sea level is officially known as the "Sea Level Datum of 1929".

**PARCEL III:**

ALL that certain piece of parcel of land, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:

BEGINNING at a point distant 410 feet 8 inches Easterly from the comer formed by the intersection of the Easterly side of Avenue of the Americas (formerly 6th Avenue) and the Northerly side of 53rd Street;

THENCE Northerly parallel with the Easterly side of Avenue of the Americas, 112 feet 4 inches, to the point or place of BEGINNING.

I)  RUNNING THENCE Easterly parallel with the Northerly line of 53rd Street, 3 feet to a point;
2) THENCE Northerly parallel with the Easterly side of Avenue of the Americas, 3 feet to a point;
3) THENCE Westerly parallel with the Northerly side of 53rd Street, 3 feet to a point;
4) THENCE Southerly parallel with the Easterly side of Avenue of the Americas, 3 feet to the point or place of BEGINNING.

which lies below a horizontal plane, the elevation of which is 147 feet 8 inches as measured Americas, 112 feet 4 inches to the point or place of BEGINNING.

I)  RUNNING THENCE Easterly parallel with the Northerly line of 53rd Street, 3 feet to a point;
2) THENCE Northerly parallel with the Easterly side of Avenue of the Americas, 3 feet to a point;
3) THENCE Westerly parallel with the Northerly side of53rd Street, 3 feet to a point; vertically above the datum level known as the Topographical Bureau of the Borough of
Manhattan Datum, which datum level now designates as zero an elevation which is 2.75 feet above mean sea level at Sandy Hook, as computed and established by the United States Coast and Geodetic Survey, and which mean sea level is officially known as the "Sea Level Datum of 1929".

**PARCEL IV:**

**ALL that certain piece or parcel of land, situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:**
**BEGINNING at a point on the Northerly line of 53rd Street distant 479 feet 4 inches Easterly from the corner formed by the intersection of the Easterly side of Avenue of the Americas (formerly 6th Avenue) and the Northerly side of 53rd Street; THENCE Northerly parallel with the Easterly side of Avenue of the**
**4) THENCE Southerly parallel with the Easterly side of Avenue of the Americas, 3 feet to the point or place of BEGINNING.**
**which lies below a horizontal plane, the elevation of which is 147 feet 8 inches as measured vertically above the datum level known as the Topographical Bureau of the Borough of Manhattan Datum, which datum level now designates as zero an elevation which is 2.75 feet above mean sea level at Sandy Hook, as computed and established by the United States Coast and Geodetic Survey, and which mean sea level is officially known as the "Sea Level Datum of 1929".**

**PARCEL V:**

**ALL that certain piece or parcel of land situate, lying and being in the Borough of Manhattan, City, County and State of New York, bounded and described as follows:**
**BEGINNING at a point on the Northerly line of 53rd Street 480 feet 4 inches Easterly from the corner formed by the intersection of the Easterly side of Avenue of the Americas (formerly 6th Avenue) and the Northerly side of 53rd Street;**
**THENCE Northerly parallel with the Easterly side of Avenue of the Americas, 0 feet 8 inches to a point, to the point or place of BEGINNING.**
**1) RUNNING THENCE Easterly parallel with the Northerly line of 53rd Street, 2 feet to a point;**
**2) THENCE Northerly parallel with the Easterly side of Avenue of the Americas, 4 feet to a point;**
**3) THENCE Westerly parallel with the Northerly side of 53rd Street 2 feet to a point;**
**4) THENCE Southerly parallel with the Easterly side of Avenue of the Americas, 4 feet to the point or place of BEGINNING.**

**which lies below a horizontal plane, the elevation of which is 147 feet 8 inches as measured vertically above the datum level known as the Topographical Bureau of the Borough of Manhattan Datum, which datum level now designates as zero an elevation which is 2.75 feet above mean sea level at Sandy Hook, as computed and established by the United States Coast and Geodetic Survey, and which mean sea level is officially known as the "Sea Level Datum of 1929".**

so that **National City Mortgage, a division of National City Bank of Indiana**, may forthwith

commence and proceed with its foreclosure action against the subject property;  and

     **IT IS FURTHER ORDERED**, that all stays and injunctions, including the automatic stay

imposed by U.S. Bankruptcy Code section 362(a), 11 U.S.C. §362(a), are hereby terminated as to

**Merchants T & F Inc.,** with respect to that certain real property known as and located at 15 West 53rd

Street, New York, NY 10019, BLOCK: 1269, LOT: 1075, SECTION: 7, UNIT: 18F, which is the subject of a Mortgage dated July 2, 2008 and granted by the Detbor and Cynthia Wise, his spouse, to Merchants T & F Inc., and duly recorded in the Office of the City Register of the City of New York, New York County, as is further described in the annexed SCHEDULE A, so that **Merchants T & F Inc.** may forthwith proceed with a foreclosure action on its mortgage against the condominium subject property; and

IT IS FURTHER ORDERED that this Order vacating the automatic stay imposed by U.S. Bankruptcy Court Code 362(a) shall be binding and effective in the event this case is converted to another chapter under the U.S. Bankruptcy Code; and it is further

ORDERED, that, for a period of six (6) months from July 13, 2009, Merchants T & F Inc., and National City Mortgage, and each of them may proceed with their respective foreclosure actions only to the point of judgment, and may not conduct a foreclosure sale of the subject apartment until January 13, 2010.

DATED this ____day of _____, 2009.


_____
JUDGE OF THE U.S. BANKRUPTCY COURT